[Crim. No. 1419.  First Appellate District, Division Two.—October 31, 1927.]

THE PEOPLE, Respondent, v. JOHN COOPER, Appellant.

Harold D. Perry for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendant charging him with committing the offense defined in section 1 of the Statutes of 1911, page 10, as amended by the Statutes of 1921, page 96.   A trial was had in the trial court before the court sitting with a jury.   The jury returned a verdict of guilty.   The defendant made a motion for a new trial; the motion was denied and he appealed from the order denying him a new trial and from the judgment rendered on the verdict.   At this time he makes one point and that is that certain evidence was improperly admitted by the trial court.

The information followed the statute and pleaded that the defendant lived with the prosecuting witness.   The defendant took the stand as a witness and testified in his own behalf.   On cross-examination he was asked these questions:

"You came to Oakland with Marie Cooper? That was at 716 Market Street, and that is where you lived with Marie Cooper?" ▆ To each of those questions the defendant's counsel objected on the ground, among others, that in the information he was charged with the commission of one offense, but that the questions tended to prove that he was also guilty of another offense, to wit, adultery. The objections were overruled and the questions were answered in the affirmative. The defendant contends that the rulings were erroneous, and he cites and relies on *People* v. *Lane*, 100 Cal. 379 [34 Pac. 856]; *People* v. *Glass*, 158 Cal. 650 [112 Pac. 281]; *People* v. *Martin*, 13 Cal. App. 96 [108 Pac. 1034]; *People* v. *Canfield*, 173 Cal. 309 [159 Pac. 1046]. The attorney-general replies that the authorities relied upon are not in point and that the rule applicable is stated in *People* v. *Morani*, 196 Cal. 154 [236 Pac. 135]. This reply is clearly correct. Commencing at the bottom of page 157, the court said: "It is well settled that a defendant in a criminal case can be tried for no other offense than that charged in the indictment or information, and therefore it is not competent for the prosecution to prove the commission of independent crimes by the defendant, the evidence of which has no tendency to prove some material fact in connection with the particular crime charged. But this rule does not exclude such evidence when it logically tends to prove any fact necessary or pertinent to the proof of the crime for which the defendant is being tried."

We find no error in the record. The judgment and order appealed from are affirmed.

Nourse, J., and Koford, P. J., concurred.